UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:26-cv-02221-JWH-DMK | Date | May 11, 2026 |
|---|---|---|---|
| Title | *Mingxing Sun v. Markwayne Mullin, et al.* | | |

Present: The Honorable   JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Priscilla Deason for Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER DENYING PETITIONER'S *EX PARTE* APPLICATION [ECF No. 7]**

Before the Court is the *ex parte* Application of Petitioner Mingxing Sun for a Temporary Restraining Order (a "TRO") to enjoin Respondents from continuing to detain him.[1] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support,[2] the Court **DENIES** Sun's Application, for the reasons set forth below.

In view of the high volume of petitions for writs of habeas corpus filed by those in immigration detention, and to facilitate their expedited resolution, the Court has issued General Order No. 26-05 (the "General Order").[3] Pursuant to the General Order, the Court set a briefing schedule for Sun's Petition: Respondents' answer was due by May 6, 2026, and Sun's reply, if any, is due no

---

[1]   Pl.-Pet.'s *Ex Parte* Appl. for TRO (the "Application") [ECF No. 7]

[2]   The Court considered the documents of record in this action, including the following papers:  (1) Application; and (2) Pl.-Pet.'s Pet. (the "Petition") [ECF No. 1].

[3]   Notice of General Order 26-05 and Briefing Schedule [ECF No. 4].

**CIVIL MINUTES— GENERAL**   Initials of Deputy Clerk pd/cla

later than May 11, 2026.[4]  In view of the expedited briefing schedule for the underlying Petition and the fact that Sun's Application is based upon the same facts as his Petition, the Court is not convinced that emergency relief is necessary. Any delay that may result from awarding relief to Sun based upon the Petition alone would be minimal.  Thus, the Court concludes that Sun is not entitled to *ex parte* relief at this time.  *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (a petitioner "must establish . . . that he is likely to suffer irreparable harm in the absence of preliminary relief").  Accordingly, Sun's Application is **DENIED without prejudice**.

For those reasons, the Court hereby **ORDERS** as follows:

1.      Sun's instant Application [ECF No. 7] is **DENIED without prejudice**.

2.      Pursuant to General Order No. 05-07, proceedings on the merits of Sun's underlying Petition will **CONTINUE** before the Magistrate Judge assigned to this case.

**IT IS SO ORDERED.**

---

[4]      *See id.*

**CIVIL MINUTES— GENERAL**

Initials of Deputy Clerk pd/<u>cla</u>