# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINGXING SUN,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, *et al.*,<br><br>Respondents. | Case No. 5:26-cv-02221-JWH-DMK<br><br>**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records and files herein, and the Magistrate Judge's Report and Recommendation.[1] Further, the Court has engaged in a *de novo* review of those portions of the R&R to which objections have been made.

In this immigration detention matter, the R&R recommends that the Court grant Petitioner Mingxing Sun an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) and the judgment in *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025).  Although Respondents do not oppose a bond hearing, they object to the standards that the R&R finds applicable to such a hearing.[2]  Respondents' objections do not merit a different result.

Respondents object that the Government is not required to bear the burden of showing by clear and convincing evidence that Sun poses a flight risk or danger to the public.  "Section 1226(a) is silent as to what burden of proof applies in bond hearings and who bears that burden."  *Hernandez-Lara v. Lyons*, 10 F.4th 19, 26 (1st Cir. 2021).  "The Ninth Circuit previously held that the respondent must bear the burden by clear and convincing evidence in *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds as recognized in Rodriguez Diaz v. Garland*, [53 F.4th 1189, 1202 (9th Cir. 2022)]."  *Fnu Aman v. Mullin*, 2026 WL 1454530, at *4 (C.D. Cal. May 19, 2026).  Although portions of *Singh* are no longer binding precedent, the Court is persuaded by other courts that have concluded that Respondents still should bear the burden in this case.  *See, e.g.*, *Mendoza v. Noem*, 2026 WL 683180, at *8-*9 (E.D. Cal. Mar. 11, 2026) (analyzing Ninth Circuit cases to find that the holding in *Singh*—placing the burden on the Government—should still be followed); *Vazquez v. Mattos*, 2026 WL 658896, at *2 (D. Nev. Mar. 9, 2026)

---

[1]     Report and Recommendation (the "R&R") [ECF No. 10] 2:14-24.

[2]     Obj. to R&R (the "Objections") [ECF No. 14].

(requiring the Government to bear the burden) (citing *Singh* and *Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024) ("[T]he BIA properly noted that the government bore the burden to establish by clear and convincing evidence that [a detained noncitizen] is a danger to the community")); *Balwan v. Bondi*, 2026 WL 497098, at *9 (W.D. Wash. Feb. 23, 2026) (surveying circuit caselaw and concluding that the Government should bear the burden in that case).

Respondents object that the R&R improperly recommends that the Court impose conditions upon the Immigration Judge ("IJ") because the Court is barred from reviewing the IJ's bond determination.[3] The R&R recommends that the IJ be required to exercise his or her discretion to make an individualized bond determination and to provide either an oral or written statement for his or her decision that would be adequate to permit meaningful review upon appeal.[4] The Court disagrees with Respondents' objection that those impositions are improper.[5] "The Court may determine whether the IJ applied the correct legal standard; it may not reweigh the evidence." *Garcia Miranda v. Hernandez*, 2026 WL 1328227, at *3 (W.D. Wash. May 13, 2026) (citing *Martinez*, 124 F.4th at 785). "While factual questions raised in an application for discretionary relief are unreviewable, a district court may review a habeas challenge to an IJ's application of a legal standard—such as dangerousness or risk of flight—to determine 'whether an IJ correctly applied the [legal] standard to a given set of facts.'" *Sanchez Henao v. Hernandez*, 2026 WL 1492714, at *2 (W.D. Wash. May 28, 2026) (quoting *Martinez*, 124 F.4th at 782).

Nothing in the R&R suggests that the Court contemplates reweighing the evidence before the IJ or second-guessing the IJ's discretionary judgment in

---

[3]    *Id.* at 4:1-6:3.

[4]    R&R 3:3-4:2.

[5]    Objections 5:3-9.

-3-

making his or her bond determination.  The Court accepts the R&R of the Magistrate Judge.

Accordingly, it is hereby **ORDERED** as follows:

1. The R&R is **ACCEPTED** and **ADOPTED**.

2. The Petition is **GRANTED** consistent with the declaratory judgment in *Maldonado Bautista*.

3. Respondents are **DIRECTED** to provide Sun with an individualized bond hearing under 8 U.S.C. § 1226(a) no later than June 25, 2026, wherein:

   a. the Government bears the burden of proof to show by clear and convincing evidence that Sun is a flight risk or a danger to the public;

   b. the IJ is required to exercise his or her discretion to make an individualized determination regarding whether continued detention is warranted, based upon all relevant facts—including criminal history, immigration history, manner of entry, length of residence, family ties, employment, community connections, compliance with prior orders, and eligibility for relief from removal, *see Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006); and

   c. the IJ is required to provide either an oral or written statement of reasons for his or her decision that would be adequate to permit meaningful review upon appeal, *see* 8 C.F.R. §§ 1003.19(f); 1003.38.

4. If Respondents fail to comply with Paragraph 3 above, then they are **DIRECTED** to release Sun from custody no later than June 26, 2026, on Sun's prior conditions of release.

5. Respondents are **DIRECTED** to file a Notice of Compliance with this Order no later than June 29, 2026.

-4-

6.     The Clerk is **DIRECTED** to serve this Order on all counsel or parties of record.

**IT IS SO ORDERED.**

Dated:  June 17, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE

-5-